PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2008 Mercedes Benz struck several holes on 1-64, near the Teays Valley entrance ramp, in Putnam County. 1-64 is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more frilly stated below.
The incident giving rise to this claim occurred at approximately 7:45 p.m. on January 8,2009. At the time of the incident, claimant was driving on 1-64 eastbound *54 from Teays Valley to Charleston. As he was traveling between fifty and fifty-five miles per hour in his right lane of traffic, his vehicle struck three holes in the road. The third hole was approximately four inches deep. The holes were located near the road’s white edge line. Claimant testified that he was unable to avoid the holes due to the traffic. Although claimant travels this road frequently, he did not notice these particular holes prior to the incident. As a result, claimant’s vehicle sustained damage to its wheel in the amount of $200.87. Claimant’s insurance deductible at the time of the incident was $1,000.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the condition of the road at this location. Since there were numerous holes in claimant’s lane of traffic on the interstate, the Court finds respondent negligent. Thus, claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $200.87.
Award of $200.87.